Filed 7/28/14  P. v. Delgadoplatero CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B245479 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA396779) |
| v. | |
| OSCAR DELGADOPLATERO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Dennis J. Landin, Judge.  Affirmed.

———

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Eric E. Reynolds and Margaret E. Maxwell, Deputy Attorneys General, for Plaintiff and Respondent.

———

After obtaining a certificate of probable cause, Oscar Delgadoplatero appealed from the judgment entered based on his no contest plea to one count of attempted second degree robbery and one count of second degree robbery. He contends that the trial court erred when it denied his motion to disqualify his codefendant's counsel and her office. Because denial of the motion does not present a basis for reversal, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

A four-count information, filed on June 21, 2012, charged Delgadoplatero with (1) receiving stolen property (Pen. Code, § 496, subd. (a)[1]) (count 1); (2) second degree robbery (§ 211) (counts 2 and 4); and (3) attempted second degree robbery (§§ 664, 211) (count 3). The information specially alleged that Delgadoplatero had suffered one prior robbery conviction that qualified as a serious felony under section 667, subdivision (a)(1), and as a serious or violent felony within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The same information charged two codefendants, Delgadoplatero's girlfriend and his sister, with the second degree robbery in count 2 and the attempted second degree robbery in count 3. Delgadoplatero pleaded not guilty to all counts and denied the special allegations. Codefendants also pleaded not guilty.

Delgadoplatero filed a motion to disqualify his girlfriend's counsel, Rene Williams of the Alternate Public Defender (APD) and her office, on the ground that Williams had represented him in the case alleged in the information as a prior conviction, a June 2011 robbery for which he had entered a plea bargain and was serving probation. The grounds for the motion were that (1) the APD could introduce evidence at trial from the June 2011 case pursuant to Evidence Code section 1101, subdivision (b); (2) Delgadoplatero's anticipated defense was that his codefendants were the actual perpetrators in the second degree robbery in count 2 and the attempted second degree robbery in count 3 and Williams's knowledge of Delgadoplatero's prior case could

---

[1]     Statutory references are to the Penal Code unless otherwise noted.

jeopardize this defense; and (3) Delgadoplatero's statements to Williams in his prior case could be used to impeach him should he decide to testify at trial. The trial court denied Delgadoplatero's motion.

Delgadoplatero withdrew his not guilty plea and entered a plea of no contest to the attempted second degree robbery in count 3 and the second degree robbery in count 4 and admitted the special allegations pursuant to section 667, subdivision (a)(1), and the Three Strikes law. Codefendants entered no contest pleas to the second degree robbery in count 2 and the attempted second degree robbery in count 3. The trial court sentenced Delgadoplatero to nine years in state prison consisting of the low term of two years for the second degree robbery in count 4, doubled to four years under the Three Strikes law, plus five years pursuant to section 667, subdivision (a)(1). The court imposed a concurrent low term of 16 months for the attempted second degree robbery in count 3, doubled to 32 months under the Three Strikes law, and dismissed counts 1 and 2. After obtaining a certificate of probable cause, Delgadoplatero timely appealed.

## DISCUSSION

"Conflicts of interest commonly arise in one of two factual contexts," one of which includes "cases of successive representation, where an attorney seeks to represent a client with interests that are potentially adverse to a former client of the attorney." (*In re Charlisse C.* (2008) 45 Cal.4th 145, 159.) A party seeking to disqualify an attorney based on successive representation must show a substantial relationship between the two representations. (*Flatt v. Superior Court* (1994) 9 Cal.4th 275, 283.) Even if a substantial relationship is shown, however, a party is not entitled to reversal of a judgment based on the denial of a disqualification motion unless he also demonstrates prejudice in the form of an actual conflict that materialized (*Mickens v. Taylor* (2002) 535 U.S. 162, 170-171; *People v. Doolin* (2009) 45 Cal.4th 390, 417-418) and a reasonable probability that, absent the conflict, "'a result more favorable to [him] would have been reached'" (*Doolin*, at p. 420). In other words, a conflict of interest that has no probable effect upon the trial's outcome does not present a basis to reverse a judgment. (See *Mickens*, at p. 166.)

Delgadoplatero contends that a substantial relationship exists between the instant case and his June 2011 case such that the trial court should have granted his motion to disqualify his girlfriend's counsel. Even assuming such a substantial relationship, Delgadoplatero has not demonstrated prejudice. He does not argue that a conflict of interest actually materialized. (*People v. Mai* (2013) 57 Cal.4th 986, 1013 [alleged conflict of interest does not merit reversal of judgment where defendant is "unable to show . . . that any potential conflict of interest actually materialized"].) Nor does he contend that, absent Williams's representation of his girlfriend, it was "'reasonably probable'" the result of the proceeding would have been more favorable to him. (*People v. Doolin*, *supra*, 45 Cal.4th at p. 420.) Delgadoplatero does not challenge the validity of his plea, which the trial court found he entered into freely and voluntarily. In addition, the second degree robbery in count 4, one of the counts to which Delgadoplatero pleaded no contest, did not involve his girlfriend and, as a result, was not impacted by Williams's representation of her. Under these circumstances, Williams's representation of the girlfriend had no probable effect on the outcome of the case and thus does not present a basis to reverse the judgment.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


                                                    ROTHSCHILD, P. J.
We concur:


        CHANEY, J.


        MILLER, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.